# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TIRZA HERNANDEZ-NUNEZ,<br><br>    Defendant. | No. CR08-4026-MWB<br><br>**DETENTION ORDER** |

      This matter came on for detention hearing on March 27, 2008. Assistant U.S. Attorney Robert Knief appeared on behalf of the plaintiff (the "Government"). The defendant Tirza Hernandez-Nunez appeared in person with her attorney, Priscilla Forsyth. The Government relied on the Affidavit in support of the criminal complaint in Case No. 08mj66, and the court considered the Affidavit as the agent's testimony.

      The court must determine whether any condition or combination of conditions will reasonably assure Hernandez's appearance as required, as well as the safety of any other person and the community, in deciding whether to grant the Government's motion for detention. 18 U.S.C. § 3142(e). A defendant may be detained based on a showing of either dangerousness or risk of flight; it is not necessary to show both. *United States v. Apker*, 964 F.2d 742, 743 (8th Cir. 1992); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

      The court is to presume that no condition or combination of conditions will reasonably assure the appearance of Hernandez as required and the safety of the community if the court finds there is probable cause to believe Hernandez committed an offense of the type identified in 18 U.S.C. § 3142(e) for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 3142(e); *see* 18 U.S.C. § 3142(f)(1). The probable cause element of section 3142(e) that triggers the rebuttable presumption of

risk of flight and danger to the community may be established through evidence presented at the detention hearing of an offense which is subject to the rebuttable presumption. *See Apker*, 964 F.2d at 744; *United States v. Dorsey*, 852 F.2d 1068, 1069 (8th Cir. 1988).

In the present case, the record indicates Henderson lives with her boyfriend in Phoenix, Arizona. Her boyfriend owns his own business and supports Hernandez. She has a teenaged daughter she sees regularly, and other family members in the Phoenix area. However, she travels to Mexico monthly and also has ties to Mexico. The possibility exists that she may hold dual citizenship in the United States and Mexico, which could complicate matters if she fled and the Government sought her extradition.

Regarding the current charge against her, the record indicates Hernandez was courier of an enormous quantity of methamphetamine. Although she has no criminal convictions in her history, because of the quantity of drugs involved in this case she is facing several years' imprisonment, at best. The court finds Hernandez's criminal history, her significant ties to the Phoenix area, and her United States citizenship are sufficient to rebut the presumption that she would be a danger to the community if released. However, the court further finds she has failed to offer any evidence to rebut the presumption that she is a flight risk. The court finds there are no conditions of release that reasonably would assure Hernandez's appearance as required.

Accordingly, the court finds the Government has proved by a preponderance of the evidence that Hernandez is a flight risk, and orders as follows:

1. Hernandez is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Hernandez reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Hernandez to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

 (a) Attach a copy of the release/detention order to the appeal;

 (b) Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Hernandez must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 27th day of March, 2008.

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT